# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID AUGUST KILLE, SR.,

   *Plaintiff*,

vs.

CHARLES A. BOROWY*, et al.*

   *Defendants*.

3:08-cv-00469-ECR-RAM

ORDER

This removed *pro se* prisoner civil rights action comes before the Court for initial review under 28 U.S.C. § 1915A, as well as upon the removing defendants' motion (#5) for screening and motion (#6) to extend the time to answer. The motion (#5) for screening will be denied as unnecessary, as screening is done automatically by the Court. The motion (#6) to extend the time to answer will be granted through this order. The Court thus proceeds to screening.[1]

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), when a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if

---

[1] Plaintiff argues in his response (#8) that the state court screened the complaint prior to removal and that this Court is bound by the law of the case doctrine to adhere to an alleged ruling by the state court that the defendants must file a response to the complaint. The Court is not persuaded. The law of the case doctrine does not apply in this instance, as this Court would be bound only by the prior rulings in a case by a higher court such as the Ninth Circuit Court of Appeals. The removal statutes plainly provide that "[a]ll injunctions, orders, and other proceedings had . . . prior to . . . removal shall remain in full force and effect *until dissolved or modified by the district court*." 28 U.S.C. § 1450 (emphasis added). The defendants moved for an extension to answer and are not, as plaintiff maintains, in default.

the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972)(per curiam).

At the outset, the Court notes that any claim to Eleventh Amendment state sovereign immunity by the removing defendants has been waived by the removal.  *See Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002).  The Eleventh Amendment therefore does not limit the Court's jurisdiction as to the claims brought against the State of Nevada or as to any official capacity claims brought against the individual defendants for monetary damages.

Plaintiff David Kille presents two essentially unrelated counts in the civil rights complaint.

In Count I, plaintiff alleges that defendant Charles Borowy lost, stole or destroyed his portable radio and that defendants B. Harkreader, Joyce Thomson, Robert Legrand, Jack Palmer, and Darrel Rexwinkel refused to do anything about the situation.

Count I fails to state a claim upon which relief can be granted.  When a plaintiff alleges that state officials negligently or intentionally deprived him of a property interest without due process, the plaintiff cannot state a constitutional claim where the state provides an adequate post-deprivation remedy.  *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)*, overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88

L.Ed.2d 662 (1986). Here, plaintiff has or had an adequate state-law post-deprivation remedy under Nevada law.  See N.R.S. § 73.010; N.R.S. § 41.031; N.R.S. § 209.243.  He therefore cannot establish an actionable due process violation. *See Hudson*, 468 U.S. at 533; *Parratt*, 451 U.S. at 543.  Kille further does not state an equal protection claim on these allegations.

In Count II, Kille alleges that defendant Borowy improperly moved him to administrative segregation on unreliable and uncorroborated charges as to which he ultimately was found not guilty.  He further alleges that defendants Thomson, Legrand and Palmer refused to move him back to his prior classification level after he was found not guilty and that they retaliated against him by sending him to another institution.  He alleges that, as a consequence, he lost approximately 120 work days, and he seeks, *inter alia*, the restoration of these lost work day credits against his sentence.

Count II fails to state a cognizable claim under Section 1983.  Plaintiff's claims necessarily imply the invalidity of the deprivation of his work day credits, thereby challenging the duration of his confinement.  Indeed, plaintiff directly seeks a judgment restoring the work days.  Plaintiff's claims accordingly are not cognizable under Section 1983.  *See Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).  The appropriate remedy, if any, at this juncture instead is through a petition for a writ of habeas corpus brought after the exhaustion of state judicial remedies.

The complaint therefore will be dismissed without prejudice.[2]  The Court finds that grant of leave to amend the complaint would be futile as to both counts.

IT THEREFORE IS ORDERED that this action is DISMISSED without prejudice.

IT FURTHER IS ORDERED that the defendant's motion (#5) for screening is DENIED.  Screening is done automatically by the Court pursuant to 28 U.S.C. § 1915A and has been done by this order.

---

[2] Plaintiff additionally fails to state a claim against Glen Whorton and the State of Nevada based upon *respondeat superior* liability, and, under 42 U.S.C. § 1997e(e), plaintiff can have no recovery for mental anguish damages in the absence of physical injury.  The complaint in any event is subject to dismissal as to all defendants and all requests for relief without regard to these additional grounds.

1  IT FURTHER IS ORDERED that the removing defendants' motion (#6) to extend the
2 time to answer is GRANTED, such that the defendants are granted an extension of time
3 within which to answer up through entry of the current order.
4  The Clerk of Court shall enter final judgment accordingly, dismissing this action without
5 prejudice for failure to state a claim upon which relief can be granted.
6  DATED: December 17, 2008

_____
EDWARD C. REED, JR.
United States District Judge