**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID AUGUST KILLE, SR., | 3:08-cv-00469-ECR (RAM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | **OF U.S. MAGISTRATE JUDGE** |
| CHARLES A. BOROWY, et al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendants' Motion for Summary Judgment. (Doc. #44.)[1] Plaintiff has opposed (Doc. #46), and Defendants have replied (Doc. #47). After a thorough review, the court recommends that the motion be granted.

## I. BACKGROUND

At all relevant times, Plaintiff David August Kille, Sr. was in the custody of the Nevada Department of Corrections (NDOC) as an inmate at the Lovelock Correctional Center (LCC). (Pl.'s Am. Compl. 1 (Doc.#25).) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendants are various NDOC administrators and employees and the State of Nevada. (*Id.* at 2-3.) Plaintiff seeks monetary relief. (*Id.* at 17-20.)

///
///

---

[1] Refers to the court's docket number.

In a screening order issued September 14, 2009, the court dismissed all federal claims asserted against the State of Nevada and Defendant Whorton and all federal claims against all Defendants in their official capacities. (Doc. #27 at 2.) As to Count I, the court dismissed all federal claims against all Defendants for failure to state a claim. (*Id.* at 3-4.) As to Count III, the court dismissed the federal claims based upon the federal claims in Count I for failure to state a claim. (*Id.* at 4.)

Plaintiff asserts a variety of state law claims and federal claims throughout his complaint. The court addresses Plaintiff's federal claims before turning to the state law claims.

In Count II, Plaintiff alleges that Defendant Borowy improperly placed him in administrative segregation based upon false and unverified charges as to which Plaintiff ultimately was found not guilty. (Pl.'s Am. Comp. 11-12.) Plaintiff claims Defendants Thomson, LeGrand, and Palmer refused to place Plaintiff back at his prior housing level and that they retaliated against him by sending him to another institution. (*Id.*) Based on these allegations, Plaintiff asserts that Defendants violated his right to be free from false arrest under the Fourth Amendment and his rights to due process and equal protection under the Fourteenth Amendment to the United States Constitution. (*Id.*)

In Count III, Plaintiff claims that Defendants acted in concert to deprive him of his rights. (*Id.* at 13-14.) Plaintiff alleges that Defendants conspired to violate Plaintiff's due process and equal protection rights under the Fourteenth Amendment to the United States Constitution by failing to notify the Inspector General's Office of Defendant Borowy's actions, failing to reprimand Defendant Borowy, and transferring Plaintiff to another institution.

## II. LEGAL STANDARD

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute over the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). All reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 244 (1986)). Summary judgment is appropriate if "the pleadings, the discovery

and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (citing Fed.R.Civ.P. 56(c)). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). In deciding whether to grant summary judgment, the court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In doing so, the court must defer to the professional judgment of prison administrators when an inmate civil rights complaint is involved. *Beard v. Banks*, 548 U.S. 521, 526, 530 (2006); *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials of the pleadings, but must set forth specific facts showing there is a genuine issue for trial. *Anderson,* 477 U.S. at 248. Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Anderson*, 477 U.S. at 248. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id.* Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*,

3

477 U.S. at 323.

## III. DISCUSSION

**A.   ADMISSIBILITY OF PLAINTIFF'S DEPOSITION**

Plaintiff argues that Defendants' Motion for Summary Judgment should be denied because it is based solely on Plaintiff's inadmissible deposition. (Pl.'s Opp'n to Summ. J. 2 (Doc. #46).) According to Plaintiff, the deposition "has yet to be reviewed/argued at trial, pursuant to the Defense Counsel's own statement." (*Id.*) Plaintiff asserts that "because Defense Counsel's statement about objection[s] are for trial, plaintiff takes such statement as an offer to go to trial and accepts the Defense's offer to go to trial." (*Id.* at 3.)

Presumably, the exchange to which Plaintiff references is the following:

> Q.   [by defense counsel] On or about May, in or about May 2007, you received a job. What was that job?
> A.   [by Plaintiff] Culinary.
> Q.   What was your position in the culinary?
> A.   What did they call it? I was just a dining hall porter I guess is what they called it.
> Q.   How long did you have that job?
> A.   Maybe a month.
> Q.   Why did you lose that job?
> A.   Misunderstanding.
> Q.   Isn't it true that you were found guilty of theft from the culinary?
> A.   I was given a write up. And I'm in the process of doing the paperwork to file a suit on that. That again is irrelevant to this case. I object to it. This case has to do with this. It doesn't have to do with what I got a write up for something else. This has nothing to do with this.
> Q.   Is it correct in your lawsuit you're suing for the lost opportunity to have a job; is that correct?
> A.   Only up until that point. Not after that point.
> Q.   I'm trying to –
> A.   Prior to me getting a job there I was – did not – I was not able to get a job. Prior to my losing my job here at Lovelock Correctional Center when I got the false write up until I got that job is what I'm arguing. Nothing after that. So anything after that is irrelevant and I object to it. It has no bearing on this case.
> Q.   I respect your opinion. However, relevancy is an objection for trial and we're in a deposition. We're allowed to find facts.
> A.   I'm allowed to object to those facts –
> Q.   I appreciate that.
> A.   – and find whether it's irrelevant or not.

4

1  (Defs.' Mot. for Summ. J. Ex. A at 17-19.)  Defense counsel's comment to Plaintiff that
2  "relevancy is an objection for trial and we're in a deposition" is somewhat in line with Fed. R.
3  Civ. P. 30(c).  Under Rule 30(c) "[a]n objection at the time of the [deposition] examination .
4  . . must be noted on the record, but the examination still proceeds; the testimony is taken
5  subject to any objection."  Fed. R. Civ. P. 30(c).  Defense counsel's comment to Plaintiff is
6  incomplete in that a relevancy objection may be made during a deposition, not only at trial, but
7  that the deposition will proceed subject to the relevancy objection.  Nevertheless, the court
8  declines to find that this exchange somehow renders Plaintiff's deposition inadmissible in its
9  entirety or that defense counsel made Plaintiff an "offer" to go to trial.  Therefore, the court
10 concludes that Plaintiff's deposition may properly be considered at summary judgment.

**B.   FOURTH AMENDMENT CLAIM**

Plaintiff claims that Defendants falsely arrested him in violation of the Fourth Amendment by placing him in administrative segregation after Plaintiff was charged with disciplinary infractions.  (Pl.'s Am. Compl. 11.)  The Fourth Amendment guarantees the right to be free from unreasonable seizures. U.S. Const. amend. IV.   To establish a Fourth Amendment violation, a plaintiff must show his or her arrest lacked probable cause. *See Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990).  Here, Plaintiff was not "arrested" when he was placed in administrative segregation.  Therefore, to the extent Plaintiff states a claim for false arrest, it should be dismissed.

**C.   EQUAL PROTECTION CLAIMS**

Plaintiff invokes the Equal Protection Clause in both Count II and Count III.  (Pl.'s Am. Compl. 11-14.)  Defendants argue that despite Plaintiff's references to the Equal Protection Clause, none of the facts alleged supports an equal protection claim.  (Defs.' Mot. for Summ. J. 12.)

In order to state a viable equal protection claim, Plaintiff "must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." *Serrano v. Francis*, 345 F.3d 1971, 1982 (9th Cir. 2003) (citing *Barren v.*

5

*Harrington*, 132 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." *Id.* (citing *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) (emphasis in original). Here, Plaintiff does not allege Defendants intentionally discriminated against him because of his membership in a protected class.

Where state action "does not implicate a fundamental right or a suspect classification, the plaintiff can establish a 'class of one' equal protection claim by demonstrating that [he] 'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004), *overruled on other grounds by Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). In this case, the substance of Plaintiff's allegations do not demonstrate that he has been intentionally treated differently from others similarly situated. Therefore, to the extent Plaintiff states equal protection claims in Count II and Count III, those claims should be dismissed.

**D. RETALIATION CLAIMS**

Plaintiff alleges in Count II and Count III that Defendants transferred him to another prison in retaliation for Plaintiff "fighting to get his level one status back." (Pl.'s Am. Compl. 12, 14.)

Within the prison context, a viable claim of First Amendment retaliation contains five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004). The protected conduct should be a "substantial" or "motivating" factor in the retaliatory actions. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977). Thus, a prisoner must (1) submit evidence to establish a link between the exercise of constitutional rights and alleged retaliatory action, and (2) demonstrate that his or her First Amendment rights were actually

chilled by the alleged retaliatory action. *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995); *see Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000).

"The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains." *Pratt,* 65 F.3d at 806 (9th Cir. 1995). In analyzing a retaliation claim, a court should "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." *Id.* at 807 (quoting *Sandin v. Conner*, 515 U.S. 472, 482 (1995)).

Assuming without deciding that Plaintiff engaged in protected speech, Plaintiff fails to allege, much less show, that his transfer to another institution did not advance a legitimate correctional goal. Plaintiff bears the burden of proving the *absence* of a legitimate correctional goal. In this circumstance, Plaintiff fails to show that Defendants transferred him from LCC to another institution without a legitimate correctional goal. Therefore, Defendants are entitled to summary judgment to the extent Plaintiff alleges retaliation claims.

**E.    DUE PROCESS CLAIMS**

Plaintiff asserts several due process claims related to disciplinary charges issued by Defendant Borowy, his housing level, and his transfer from LCC to Nevada State Prison (NSP).

Defendants argue that Plaintiff fails to establish recognizable liberty or property interests giving rise to due process protections. (Defs.' Mot. for Summ. J. 8.) The court addresses each claim in turn.

1.    Claim Related to the Issuance of the Disciplinary Charges

Plaintiff alleges that Defendant Borowy violated Plaintiff's right to due process by falsifying a disciplinary charge that led to Plaintiff's placement in administrative segregation (Pl.'s Am. Compl 11.)

A prisoner does not have a "constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989). Rather, the Fourteenth Amendment

7

1  provides that a prisoner "has a right not to be deprived of a protected liberty interest without
2  due process of law." *Id*. Thus, as long as a prisoner receives proper procedural due process,
3  a claim based on the falsity of disciplinary charges, standing alone, does not state a
4  constitutional claim. *Id*.; *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986); *Hanrahan
5  v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984). Under the Due Process Clause, a prisoner is
6  entitled to certain procedural protections when he is charged with a disciplinary violation.
7  *Wolff v. McDonnell*, 418 U.S. 539, 564-571 (1974). These protections include a written notice
8  at least twenty-four hours before the disciplinary hearing, an opportunity to call witnesses and
9  present documentary evidence, and a written statement by the factfinder as to the evidence
10 relied upon and the reasons for the disciplinary action taken. *Id*.

11       Here, Plaintiff claims that the disciplinary charges written by Defendant Borowy
12 contained false charges. However, because Plaintiff makes no allegations that he did not
13 receive proper procedural due process, his due process claim remains incognizable. *See e.g.
14 Williams v. Cal. Dep't of Corr. & Rehab.*, 2010 U.S. Dist. LEXIS 23521, at * 16-17, 2010 WL
15 935753, at *7 (C.D. Cal. Jan. 4, 2010); *Rodgers v. Reynaga*, 2009 U.S. Dist. LEXIS 81306, at
16 * 5-6, 2009 WL 62130, at *2 (E.D. Cal. Jan. 8, 2009). Therefore, Defendants are entitled to
17 summary judgment on the due process claim related to Defendant Borowy's issuance of
18 disciplinary charges.

19       2.    Claim Related to Housing Level

20       Plaintiff alleges that Defendants LeGrand and Palmer violated Plaintiff's right to be
21 moved back to level-one housing after Plaintiff was found not guilty of disciplinary charges.
22 (Pl.'s Am. Compl. 11-12.) According to Plaintiff, even though he was classified as a level-one
23 inmate, he was housed at higher levels of housing, which in turn, restricted the availability of
24 certain privileges he should have had access to as a level-one inmate. (Defs.' Mot. for Summ.
25 J. Ex. A at 13-17.) For example, Plaintiff claims that when he was housed at a level-three unit
26 he was locked down early, had limited yard access, and had limited gym access. (*Id*. at 17.)
27 / / /
28

To state a cause of action for deprivation of procedural due process, a plaintiff must first establish a liberty interest for which the protection is sought. *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003). Liberty interests can arise both from the Constitution and from state law. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). First, under the Constitution itself, a liberty interest is implicated when the conditions of confinement "[exceed] the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force." *Mitchell v. Dupnik*, 75 F.3d 517, 523 (9th Cir. 1996) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995).) Here, the court concludes that housing Plaintiff at higher housing levels despite his level-one classification does not exceed his sentence in such an "unexpected manner" to give rise to a liberty interest under the Due Process Clause itself. The Due Process Clause does not confer a liberty interest in being confined in the general prison population instead of administrative segregation. *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983). Similarly, it follows that the Due Process Clause does not confer a liberty interest in being housed at a particular housing level *within* the general prison population. Therefore, Plaintiff fails to establish a liberty interest arising under the Due Process Clause of its own force.

Second, liberty interests created by the state are generally limited to freedom from restraint that "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). To determine whether a restraint imposes "atypical and significant hardship," a court considers a condition or a combination of conditions or factors on a case by case basis, rather than invoking a single standard. *Serrano*, 345 F.3d at 1078. Three factors guide this inquiry: "(1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; (2) the duration of the condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. *Id.* (citing *Sandin*, 515 U.S. at 486-87; *Keenan v. Hall*, 84 F.3d 1083, 1089 (9th Cir. 1996)) (quotations omitted).

1    Here, as to the first factor, Plaintiff does not allege that his housing in levels two through
2 four in the general population subjected him to conditions that were more restrictive than
3 those conditions imposed on inmates in administrative segregation and protective custody. As
4 to the second factor, Plaintiff alleges that Defendants placed him in non-level-one housing for
5 146 days. (Pl.'s Am. Compl. 6.) However, despite this somewhat lengthy duration, Plaintiff
6 alleges a minimal degree of restraint imposed on him by Defendants at other housing levels.
7 Plaintiff claims only that he was locked down early, had limited yard access, and had limited
8 gym access. (Defs.' Mot. for Summ. J. Ex. A at 13-17.) As to the third factor, Plaintiff does not
9 allege that his placement in non-level-one housing invariably affected the duration of his
10 sentence. Thus, all three factors weigh against finding that Plaintiff's non-level-one housing
11 amounted to an "atypical and significant hardship." *See Myron v. Terhune*, 476 F.3d 716, 718
12 (9th Cir. 2007) (finding that an inmate's classification at a "level IV" prison rather than at a
13 "level III" prison did not give rise to a liberty interest because (1) the conditions at the "level
14 IV" prison did not differ significantly from those imposed on inmates in administrative
15 segregation and protective custody, (2) the conditions between the two prisons did not differ
16 significantly, and (3) the evidence did not show that the inmate's classification at the "level IV"
17 prison would invariably affect the duration of his sentence). Accordingly, Defendants are
18 entitled to summary judgment on the due process claim related to Plaintiff's housing level.

19    3.    Claim Related to Plaintiff's Transfer from LCC to NSP

20    Plaintiff alleges that Defendants violated his right to due process by transferring him
21 from LCC to NSP without a full classification hearing. (Pl.'s Am. Comp. 12.)

22    As discussed above, to state a cause of action for deprivation of procedural due process,
23 a plaintiff must first establish a liberty interest for which the protection is sought. *Serrano v.*
24 *Francis*, 345 F.3d at 1078. Liberty interests can arise both from the Constitution and from
25 state law. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

26    Here, Plaintiff fails to assert a liberty interest in either remaining at a particular
27 institution or because the transfer "impose[d] atypical and significant hardship on the inmate

28                                         10

1 in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). First, the Due Process Clause itself does not grant prisoners a liberty interest in staying at a particular institution. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Second, Plaintiff fails to supply specific factual allegations to support a finding that his transfer to NSP amounted to an "atypical and significant hardship." Because Plaintiff is unable to establish a liberty interest, Defendants are entitled to summary judgment on the due process claim related to Plaintiff's transfer to NSP.[2]

## F. CONSPIRACY CLAIM

In Count III, Plaintiff alleges that Defendants have engaged in an unlawful conspiracy. (Pl.'s Am. Compl. 13-14.) Although much of Plaintiff's complaint is asserted under 42 U.S.C. § 1983, he invokes 42 U.S.C. § 1985 and 42 U.S.C. § 1986 in Count III. Defendants argue they are entitled to summary judgment because Plaintiff cannot show his federal rights have been violated to sustain a conspiracy claim. (Defs.' Mot. for Summ. J. 12-13.)

"To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989). A conspiracy claim brought under section 1983 requires proof of (1) an agreement or meeting of the minds to violate constitutional rights, and (2) an actual deprivation of constitutional rights resulting from the alleged conspiracy. *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002); *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy."

---

[2] To the extent Plaintiff states substantive due process claims, Defendants are entitled to summary judgment. To establish a substantive due process violation, the government's action must be shown to be "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Sinaloa Lake Owners v. Simi Valley*, 882 F.2d 1398, 1407 (9th Cir. 1989) (quoting *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395 (1926)); *Bateson v. Geisse*, 857 F.2d 1300, 1303 (9th Cir. 1988). Where a plaintiff challenges executive action under the substantive component of the Due Process Clause, the question is if the action shocks the judicial conscience. *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998). Plaintiff fails to supply allegations or evidence demonstrating that Defendants actions rise to the level necessary to substantiate a substantive due process claim. The court concludes that none of the claims Plaintiff asserts against Defendants shocks the judicial conscience.

11

*Franklin*, 312 F.3d at 441 (quotations and citations omitted).

> To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States.

*Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980)(*citing Griffin v. Breckenridge*, 403 U.S. 88, 102-03). Section 1985(3) applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). In general, § 1985(3) applies in contexts not involving race "only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights." *Id*. (quoting *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985))(internal quotations omitted).

In this case, as discussed above in Sections III.B - III.E., Plaintiff fails to show that he suffered a violation of his constitutional rights to sustain a claim under either Section 1983 or Section 1985(3). Plaintiff also fails to allege racial or other class-based discriminatory animus as required to support a claim under Section 1985(3). Additionally, "[a] claim can be stated under [§] 1986 only if the complaint contains a valid claim under [§] 1985." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Therefore, Defendants are entitled to summary judgment on the conspiracy claims in Count III.

**G.    STATE LAW CLAIMS**

Plaintiff asserts several state law claims in his complaint. A federal court may retain jurisdiction of the pendant state claims even if the federal claims over which it had original jurisdiction are dismissed. *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995). Where the court has dismissed all claims over which the court has original jurisdiction, the court may decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). "The decision to retain jurisdiction of state law claims is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity." *Brady*, 51 F.3d at 816.

Here, the court finds that retaining jurisdiction of the pendant state claims would not serve the economy or convenience of this court. Therefore, Plaintiff's state law claims should be dismissed without prejudice.

### IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** Defendants' Motion for Summary Judgment (Doc. #44).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: July 28, 2010.

_____
UNITED STATES MAGISTRATE JUDGE